UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DERRICK DONNELL TAYLOR-NAIRN,

Defendant.

CASE NO. CR18-5094 BHS

ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE AND GRANTING MOTIONS TO SEAL AND MOTIONS TO FILE OVERLENGTH BRIEFS

This matter comes before the Court on Defendant Derrick Taylor-Nairn's ("Taylor-Nairn") motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1), Dkt. 950, motions for leave to file overlength briefs, Dkts. 949, 959, motion to seal, Dkt. 951, and the Government's motion for leave to file overlength brief, Dkt. 955, and motion to seal, Dkt. 957. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motion to reduce sentence and grants the motions to seal and motions for leave to file overlength briefs for the reasons stated herein.

## I. FACTUAL & PROCEDURAL BACKGROUND

On March 14, 2018, a grand jury returned an indictment charging twenty defendants—including Taylor-Nairn—with Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(a)(1), and 841(b)(1)(C). Dkt. 1. On April 12, 2018, a grand jury returned a superseding indictment and charged Taylor-Nairn with additional counts of Distribution of a Controlled Substance, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A) and 18 U.S.C. § 2, Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 2, 922(g)(1), and 924(a)(2), and False Statement Made in Connection with Attempted Firearms Acquisition, in violation of 18 U.S.C. §§ 2, 922(a)(6), and 924(a)(2). Dkt. 239. On September 10, 2018, Taylor-Nairn pled guilty to the drug conspiracy charge, the felon in possession of a firearm charge, and the false statement charge. Dkts. 419, 420. As part of the plea agreement, the parties agreed to a joint sentencing recommendation of 10 years of imprisonment—the mandatory minimum term applicable to the drug conspiracy charge. *See* Dkts. 594, 615.

On January 4, 2019, the Court sentenced Taylor-Nairn to the recommended 120 months incarceration. Dkts. 655, 656. Taylor-Nairn is currently housed at a Federal Correctional Institute in Sheridan, Oregon (“FCI Sheridan”) and is scheduled to be released on October 31, 2026.

On October 9, 2020, Taylor-Nairn filed a motion for reduction in sentence, Dkt. 950, a motion for leave to file overlength brief, Dkt. 949, and a motion to seal, Dkt. 951. On October 23, 2020, the Government responded, Dkt. 956, and filed a motion for leave to file overlength response, Dkt. 955, and a motion to seal, Dkt. 957. On October 29,

2020, Taylor-Nairn replied, Dkt. 961, and filed a motion for leave to file overlength reply, Dkt. 959.

## II. DISCUSSION

### A. Motions to Seal and Motions to File Overlength Response

Regarding the motions to seal, Taylor-Nairn and the Government assert that the exhibits they submitted in support of the motion and response, respectively, contain Taylor-Nairn's personal and medical information and should remain under seal. Dkts. 951, 957. The Court agrees that this information should remain confidential and therefore grants the motions. The Court also grants Taylor-Nairn's and the Government's unopposed motions to file supporting and opposition briefs, respectively, in excess of the twelve-page limitation imposed by Local Criminal Rule 12(b)(5) of the Rules of the United States District Court for the Western District of Washington.

### B. Motion for Compassionate Release

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended § 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a

> motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> ***
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

18 U.S.C. § 3582(c)(1)(A). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the Bureau of Prison's ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id*.

The Sentencing Commission's policy statement referenced in 18 U.S.C. § 3582(c)(1)(A)(i) provides, in relevant part:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction;
>
> ***
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

United States Sentencing Guidelines ("USSG") § 1B1.13.

**1. Extraordinary and Compelling Reasons**

Recently, Judge Thomas S. Zilly has provided a non-exhaustive list of factors federal courts have considered in determining whether a defendant has extraordinary and compelling reasons for compassionate release in the context of COVID-19:

> (i) whether the inmate is at higher risk because of his or her age and/or race, *see United States v. Young*, No. CR19-5055 BHS, 2020 WL 2614745, at *3 (W.D. Wash. May 22, 2020); (ii) whether the inmate has one or more, medically-documented, chronic health conditions that render him or her more vulnerable to COVID-19, *see United States v. Locke*, No. CR18-0132 RAJ, 2020 WL 3101016, at *4 (W.D. Wash. June 11, 2020) (observing that the movant's health issues were "not merely self-diagnosed," but rather "medically documented and verified"); *United States v. Rodriguez*, No. 2:03-cr-00271-AB-1, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020) (inmate with type 2 diabetes, obesity, hypertension, and liver abnormalities was in a "higher risk category"); (iii) the fatality rate for individuals with similar health conditions as compared with the overall fatality rate for COVID-19, *see id.* (summarizing COVID-19 fatality rates); *United States v. Pippin*, No. 16-0266, 2020 WL 2602140, at *1 (W.D. Wash. May 20, 2020) (granting a motion brought by a defendant suffering from pancytopenia, which is associated with an "over fivefold enhanced risk of severe COVID-19"); (iv) whether the inmate has previously tested positive for the coronavirus that causes COVID-19 and, if so, whether the inmate suffers from any long-term effects of the disease, *see United States v. Reynolds*, No. 2:18-cr-00131-RAJ, 2020 WL 3266532, at *3–4 (W.D. Wash. June 17, 2020) (denying a motion for compassionate release brought by an inmate who recovered from and was "not suffering from any reported lingering symptoms" related to COVID-19); and (v) whether the inmate's release is expected to reduce the risk of him or her contracting COVID-19, see *United States v. Sandoval*, No. CR14-5105RBL, 2020 WL 3077152, at *5 (W.D. Wash. June 10, 2020) (declining to release a defendant to a situation that "would likely place him at greater risk").

*United States v. Grubbs*, No. CR16-228 TSZ, 2020 WL 3839619, at *2 (W.D. Wash. July 8, 2020).

The Court finds these factors useful, instructive, and consistent with the analysis of extraordinary and compelling reasons the Court has engaged in with recent COVID-19

cases. *See, e.g.*, *Young*, 2020 WL 2614745 at *3 (a 64-year-old African American defendant who suffers from hypertension and chronic kidney disease presented extraordinary and compelling reasons); *United States v. Lint*, No. CR18-5152 BHS, 2020 WL 4698815, at *2 (W.D. Wash. Aug. 13, 2020) (a defendant housed at a federal correctional institution that had only two inmates infected with COVID-19 did not present an extraordinary and compelling reason); *United States v. Gray*, No. CR16-5600 BHS, 2020 WL 5759792, at *2–3 (W.D. Wash. Sept. 28, 2020) (a relatively young female defendant with a Body Mass Index of 32.1, while obese, did not present sufficient evidence of extraordinary and compelling reasons without additional evidence of other risk factors). The Court has discretion to consider the factors provided by Judge Zilly in determining whether Taylor-Nairn has extraordinary and compelling reasons.[1]

Here, Taylor-Nairn asserts that his chronic medical conditions are extraordinary and compelling reasons because they place him at a higher risk of severe illness from COVID-19: he has a Body Mass Index ("BMI") of 67.79 and suffers from asthma. The CDC recognizes that severe obesity, i.e., having a BMI greater than 40, increases the risk

---

[1] In the application of USSG § 1B1.13, the Commission has described three categories of potentially "extraordinary and compelling reasons," namely medical condition, age, and family circumstances, *see* USSG § 1.B1.13 cmt. n.1(A)–(C), as well as a "catch-all" provision, *id.* cmt. n.1(D), which "opens the door" to considering factors other than those specifically enumerated, *United States v. McPherson*, 454 F. Supp. 3d. 1049 (W.D. Wash. 2020). However, USSG § 1B1.13 has not been updated since the passage of the First Step Act of 2018, and district courts have largely found that the Commission's list of extraordinary and compelling reasons is not binding, but rather helpful guidance. *See United States v. Almontes*, No. 3:05-cr-58 (SRU), 2020 WL 1812713, at *3 (Apr. 9, 2020 D. Conn.) (providing a list of cases from around the country addressing whether the Commission's list is binding). The Court therefore concludes that, given the "catch-all" provision and the non-binding status of the comments to USSG § 1B1.13, it has discretion to construe the meaning of extraordinary and compelling reasons. *See Grubbs*, 2020 WL 3839619, at *2 n.2.

of severe illness from COVID-19 and that asthma may increase the risk of severe illness.[2] Taylor-Nairn's asthma by itself does not support a finding of extraordinary and compelling reasons. While he identifies asthma as a chronic medical condition, his BOP medical records appear to indicate that this condition is well-controlled and is neither moderate nor severe. But, Taylor-Nairn's severe obesity alone constitutes an extraordinary and compelling reasons to warrant compassionate release, and the Government concedes as much. *See* Dkt. 956 at 8 ("Thus, the government acknowledges that Taylor-Nairn's morbid obesity is a risk factor under the CDC Guidelines, which the Court could determine amounts to an extraordinary and compelling reason to consider him for a compassionate release.").

The Court is persuaded that Taylor-Nairn has established extraordinary and compelling reasons to warrant reduction of his sentence. Even though Taylor-Nairn is thirty-five years old and FCI Sheridan has zero active COVID-19 cases,[3] the Court finds that Taylor-Nairn's severe obesity increases his risk for a severe or deadly infection of COVID-19 and is recognized by the CDC as a medical condition that increases such a risk. The Court therefore finds that Taylor-Nairn has established extraordinary and compelling reasons to warrant a reduction of his sentence.

---

[2] Center for Disease Control and Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Nov. 2, 2020).

[3] Federal Bureau of Prisons, *COVID-19 Update*, https://www.bop.gov/coronavirus/ (last visited Nov. 19, 2020).

**2. Public Safety**

Once a defendant has established that extraordinary and compelling reasons exist to warrant release or a reduction in sentence, the defendant must also show that they no longer present a danger to the safety of any other person or to the community. USSG § 1B1.13(2). In making this determination, the Court looks to the nature and circumstances of Taylor-Nairn's underlying offense, the weight of evidence against him, his history and characteristics, and the nature and seriousness of the danger his release would pose to any person or the community. *See* 18 U.SC. § 3142(g).

In reviewing whether a defendant presents a risk to public safety, the Court concludes that the more severe a prisoner's medical condition, the clearer the evidence must be that the defendant presents a risk. The truth is that most convicted felons will pose some risk of reoffending when released, and the question becomes how great that risk is when balanced against the other considerations. Here, there is ample evidence that Taylor-Narin, if released, would be a danger to the community. He has an extensive criminal history and has for years been engaged in trafficking illegal drugs, arming himself while carrying on this illicit enterprise. If FCI Sheridan had a more significant infection rate, the Court would likely view the public risk factor somewhat differently. If that was the case, the Court would likely find that, compared to the evidence of a severe medical condition, the evidence of perceived dangerousness is less important and might justify a favorable consideration of compassionate release.

But FCI Sheridan currently has no active cases, and when reviewing the nature and circumstances of Taylor-Nairn's underlying offense, the weight of evidence against

him, and his history and characteristics, these factors counter any conclusion that Taylor-Nairn does not pose a danger to the public. Therefore, the Court finds that Taylor-Nairn, at this time, has not established that he no longer presents a danger to the public or any other person.

**3. 18 U.S.C. § 3553(a) Factors**

Finally, even assuming extraordinary and compelling reasons and public safety have been established, the Court must still consider the factors set forth in 18 U.S.C. § 3553(a). *United States v. Cosgrove*, CR15-230-RSM, 2020 WL 1875509, at *4 (W.D. Wash. Apr. 15, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13). The relevant factors include (i) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (ii) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to adequately deter criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (iv) the sentencing guidelines; and (iv) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

In considering these factors, the Court finds that they mostly militate against compassionate release. It appears to the Court that Taylor-Nairn's medical needs can be adequately addressed in his present prison environment; that reducing his sentence now

would weaken the deterrent effect on Taylor-Nairn and others where he has only completed approximately two and a half years of a ten year sentence; that the seriousness of the offense and the need for just punishment warrant additional prison time; and that a release now would result in unwarranted sentencing disparity. Again, were the conditions at FCI Sheridan more troubling, these factors would have to rebalanced against the higher risk of infection and potential severe consequences.

Therefore, the Court denies Taylor-Nairn's motion for reduction in sentence without prejudice. Should the conditions at FCI Sheridan materially change, Taylor-Nairn may file a new motion.

## III. ORDER

Therefore, it is hereby **ORDERED** that Taylor-Nairn's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1), Dkt. 950, is **DENIED**, Taylor-Nairn's motions for leave to file overlength briefs, Dkts. 949, 959, are **GRANTED**, and Taylor-Nairn's motion to seal, Dkt. 951, is **GRANTED**, and the Government's motion for leave to file overlength response, Dkt. 955, and motion to seal, Dkt. 957, are **GRANTED**.

Dated this 19th day of November, 2020.

BENJAMIN H. SETTLE
United States District Judge