UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DERRICK DONNELL TAYLOR-NAIRN,<br><br>　　　　　　　　　　Defendant. | CASE NO. CR18-5094 BHS<br><br>ORDER DENYING DEFENDANT'S RENEWED MOTION FOR SENTENCE REDUCTION |

This matter comes before the Court on Defendant Derrick Taylor-Nairn's renewed motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1). Dkt. 983. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I.　FACTUAL & PROCEDURAL BACKGROUND

The Court reincorporates by reference the relevant factual and procedural background found in the underlying order. *See* Dkt. 962. On November 19, 2020, the Court denied Taylor-Nairn's motion for compassionate release in part because of the low COVID-19 infection rate at the Federal Correctional Institute in Sheridan, Oregon ("FCI

Sheridan") where Taylor-Nairn is housed. *Id.* On February 11, 20201, Taylor-Nairn filed the instant renewed motion for sentence reduction (also known as compassionate release), Dkt. 983, a motion for leave to file overlength brief, Dkt. 982, and a motion to seal, Dkt. 984. On February 24, 2021, the Government responded, Dkt. 991, and filed a motion to seal, Dkt. 992. On March 2, 2021, Taylor-Nairn replied, Dkt. 997, and filed a motion for leave to file overlength brief, Dkt. 996.[1]

Taylor-Nairn argues that the change of COVID-19 infections at FCI Sheridan and the Court's recognition that USSG § 1B1.13 is not binding on defendant-initiated motions for compassionate release now warrant his reduction in sentence. When Taylor-Nairn filed his renewed motion on February 11, there were eight active COVID-19 cases among inmates. Dkt. 983 at 2. That number has since dropped to one active case after several days of zero active cases.[2] FCI Sheridan has also fully vaccinated 153 staff members and 147 inmates.[3] On March 1, 2021, Taylor-Nairn informed his counsel that he was offered and planned to accept the first dose of the Moderna COVID-19 vaccine that same day. Dkt. 997 at 2.

## II. DISCUSSION

On a defendant-initiated motion under the First Step Act, the defendant must show that they have extraordinary and compelling reasons to warrant their release, and the

---

[1] The Court **GRANTS** the unopposed motions for leave to file overlength briefing, Dkts. 982, 996, and **GRANTS** the unopposed motions to seal, Dkts. 984, 992.

[2] Federal Bureau of Prisons, *COVID-19 Update*, https://www.bop.gov/coronavirus/ (last accessed Mar. 15, 2021).

[3] *Id.*

Court must consider the sentencing factors under 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A).

### A. Extraordinary and Compelling Reasons

The Court previously concluded that Taylor-Nairn has established extraordinary and compelling reasons to warrant reduction of his sentence, even though FCI Sheridan had zero active cases at the time.[4] Dkt. 962 at 7.

### B. 18 U.S.C. § 3553(a) Factors

Even though Taylor-Nairn has established extraordinary and compelling reasons to warrant a reduction in his sentence, the Court must still consider the sentencing factors under 18 U.S.C. § 3553(a).

In its previous order, the Court improperly placed the burden on Taylor-Nairn to prove that he was not a danger to the community—a burden the Court concluded that he had not met. Dkt. 962 at 8–9. As a result, the Court stated that "[i]f FCI Sheridan had a more significant infection rate, the Court would likely view the public risk factor somewhat differently." *Id.* at 8. Though the Court in its previous order improperly weighed Taylor-Nairn's dangerousness pursuant to USSG § 1B1.13, *see United States v.*

---

[4] The Court notes, however, that the risk that Taylor-Nairn will contract COVID-19 or suffer severe illness from COVID-19 is substantially lower than it was when the previous order was entered. Not only are there presently zero active cases at FCI Sheridan (as there were at the time of entry of the underlying order) but Taylor-Nairn has received the first of two Moderna vaccinations. Taylor-Nairn is correct that, even with the vaccine, his risk of being infected is not completely removed because of his weight and the developing science around whether the vaccines are effective against the new COVID-19 variants, but the risk is significantly lowered because he has been vaccinated.

*Grimes*, No. CR11-5509 BHS, 2021 WL 319404, at *1–2 (W.D. Wash. Jan. 26, 2021), it did not expressly address public safety in consideration of the § 3553(a) factors.

The Court's conclusion that "there is ample evidence that Taylor-Nairn, if released, would be a danger to community" has not materially changed and must be weighed in conjunction with the other § 3553(a) factors. Dkt. 962 at 8. As the Court previously stated, and affirms again here, the other § 3553(a) factors mostly militate against compassionate release. The Court's conclusion that the § 3553(a) factors do not support granting compassionate release remains, even when the Court removes the burden to prove that he is not a danger to the community from Taylor-Nairn.

The Court acknowledges that Taylor-Nairn has made strides in his personal development while in custody except for a minor infraction. While he is to be commended for his desire to become a productive member of society, for the other reasons stated in this Order, these positive steps do not alter the Court's § 3553(a) analysis. Moreover, the risk Taylor-Nairn will suffer severe illness if he is infected with COVID-19 is significantly mitigated by his first vaccine (and will be further mitigated by the second dose). His risk of infection is even substantially less today than when the previous order of denial was entered.

Taylor-Nairn's renewed motion for reduction in sentence is, therefore, denied.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Taylor-Nairn's renewed motion for reduction in sentence, Dkt. 983, is **DENIED** and that Taylor-Nairn's motions for leave to

1 | file overlength briefs, Dkt. 982, 996, and motion to seal, Dkt. 984, are **GRANTED**. It is
2 | further ordered that the Government's motion to seal, Dkt. 992, is **GRANTED**.
3 | Dated this 15th day of March, 2021.

BENJAMIN H. SETTLE
United States District Judge