UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DERRICK DONNELL TAYLOR-NAIRN, <br><br> Defendant. | CASE NO. 3:18-cr-05094-BHS <br><br> ORDER ON RECUSAL |

This matter comes before the court on Defendant Derrick Donnell Taylor-Nairn's requests to reassign his case to a new judge. (Dkt. Nos. 1165 at 8, 1169 at 2.)

Mr. Taylor-Nairn is incarcerated at a Federal Correctional Institution in Sheridan, Oregon. During the COVID-19 pandemic, Mr. Taylor-Nairn filed multiple, separate motions for compassionate release. He cited the virus, the prison conditions, and his severe obesity as creating exceptional circumstances warranting his early release. On all occasions, District Judge Benjamin H. Settle denied these motions. Judge Settle found that, although at some periods of

ORDER ON RECUSAL - 1

time Mr. Taylor-Nairn's situation gave rise to extraordinary and compelling reason for release, he remained a danger to public safety.

Mr. Taylor-Nairn now files a fresh motion for compassionate release. He moves to reassign his case to a new judge, which Judge Settle properly interpreted as a motion for recusal and denied. Mr. Taylor-Nairn argues, "the original judge would have substantial difficulty in putting out of his mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected[.]" (Dkt. No. 1165 at 2.) He disagrees with Judge Settle's analysis in the compassionate release orders, especially Judge Settle's note that issues with prison conditions are more appropriate for habeas corpus motions. (*Id*.)

It is well established that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *United States v. Hernandez*, 109 F.3d 1450, 1454 (9th Cir. 1997). A judge's prior adverse rulings, absent specific allegations of personal bias, prejudice, or interest, is not enough to establish bias. *Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1981). Mr. Taylor-Nairn fails to allege any reason why Judge Settle, beyond having ruled on prior compassionate release motions, would be unable to fairly adjudicate the one at bar.

Accordingly, the Court DENIES Mr. Taylor-Nairn's requests to reassign his case to a new judge (Dkt. Nos. 1165 at 8, 1169 at 2) and otherwise concurs with Judge Settle's Order (Dkt. No. 1174) denying recusal.

Dated this 30th day of May, 2023.



David G. Estudillo

United States District Judge

ORDER ON RECUSAL - 3