UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DERRICK DONNELL TAYLOR-NAIRN,<br><br>　　　　　　　Defendant. | CASE NO. CR18-5094 BHS<br><br>ORDER |

This matter is before the Court on pro se Defendant Derrick Taylor-Nairn's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and for Appointment of Counsel. Dkt. 1151. The Court previously entered an order denying this motion. Dkt. 1162. However, the Court subsequently vacated that order to provide Taylor-Nairn an opportunity to file a reply. Dkt. 1164. Taylor-Nairn subsequently filed a motion for reconsideration of the vacated order denying his motion for compassionate release, Dkt. 1165, and then a notice clarifying that the Court should consider that motion for reconsideration as his reply, Dkt. 1169.

ORDER - 1

In his reply, Taylor-Nairn requested that the Court reassign this case to another judge. Dkt. 1165 at 8. The Court denied that motion and referred the matter to Chief Judge David G. Estudillo for review. Dkt. 1174 at 3. Upon review, Judge Estudillo also denied Taylor-Nairn's motion to reassign. Dkt. 1182 at 2. Accordingly, the Court now considers Taylor-Nair's motions for compassionate release and for appointment of counsel.

## I. BACKGROUND

Most of the facts relevant to this motion are set forth in the Court's orders denying Taylor-Nairn's first and second compassionate release motions and need not be repeated here. *See* Dkts. 962, 999. Taylor-Nairn moves, for the third time, for compassionate release. Dkt. 1151. He also moves for appointment of counsel to assist in his compassionate release motion. *Id.* at 1.

Taylor-Nairn raises various arguments in support of his release. The first set of arguments regard the conditions of his confinement. In particular, he asserts that the prison staff at the Federal Correctional Institute in Sheridan, Oregon have: (1) failed to maintain a reasonably safe environment where reasonable steps are taken to prevent physical violence from other inmates and prison staff; (2) denied him access to adequate dental care, shower time, exercise, and personal hygiene products; (3) not allowed his bedding to be laundered within acceptable time periods; (4) restricted his ability to worship and practice his religion; (5) restricted his access to the law library and other books; (6) exposed him to the smell of human feces; (7) failed to maintain a sufficient amount of food in the kitchen; (8) discriminated against him because of his race; (9)

stolen his personal property, and (10) improperly informed the inmates about the expected duration of COVID-19 lockdowns. *Id*. at 2–6, 23.

Taylor-Nairn also contends that his severe obesity amounts to an extraordinary and compelling reason warranting release because it increases his risk for severe or deadly infection of COVID-19. *Id.* at 7. He points out that the Court, in denying his first compassionate release motion in November 2020, concluded that this amounted to an extraordinary and compelling reason. *Id.*; *see* Dkt. 962 at 7. He asserts that the Court remains bound by this prior ruling. Dkt. 1151 at 7. Finally, he argues that the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of his release. *Id.* at 9–22.

The Government opposes Taylor-Nairn's motions.[1] Dkt. 1156. Regarding the motion for appointment of counsel, the Government asserts that, consistent with the Court's General Order 03-19, it provided a copy of Taylor-Nairn's motion to the Federal Public Defender's Office, which screened the motion and declined to appoint counsel to assist with it. *Id.* at 3 n.1.

Concerning the motion for compassionate release, the Government first argues that the Court is not bound by its prior finding that Taylor-Nairn's obesity made him unusually susceptible to contracting a severe or deadly COVID-19 infection. *Id.* at 6–7. It contends that, since the Court made that finding, Taylor-Nairn has received both initial doses of the COVID-19 vaccine, had an asymptomatic case of COVID-19, and refused to receive a booster shot when it was offered to him. *Id.* Therefore, it asserts, Taylor-Nairn's

---

[1] The Government also moves to seal an exhibit filed in support of its response brief. *See* Dkt. 1157. That motion is unopposed and, accordingly, it is GRANTED.

ORDER - 3

obesity no longer amounts to an extraordinary or compelling reason warranting his release. *Id.*

The Government next contends that Taylor-Nairn's arguments directed at the conditions of confinement are not properly advanced in a motion for compassionate release. *Id.* at 7–9. It asserts that such arguments should instead be brought in a petition for a writ of habeas corpus or through a civil suit challenging the conditions of confinement. *Id.* at 8–9. Finally, the Government argues that the § 3553(a) factors do not weigh in favor of Taylor-Nairn's release. *Id.* at 10.

Taylor-Nairn replies that the Court may consider the conditions of his confinement when ruling on his motion for compassionate release. Dkt.1165 at 2–4.

## II.  DISCUSSION

The Court first addresses Taylor-Nairn's motion for appointment of counsel. The Government asserts that, consistent with General Order 03-19, it "provided a copy of [Taylor-Nairn's] motion to the Federal Public Defender's Office" and was informed that "[t]hey are not seeking appointment in this case." Dkt. 1156 at 3 n.1. This suggests that the Federal Public Defender's Office has already screened Taylor-Nairn's motion and determined that he is not eligible for compassionate release at this time. Accordingly, the motion for appointment of counsel is DENIED.

The Court next addresses Taylor-Nairn's motion for compassionate release. Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010)

(internal quotations omitted). 18 U.S.C. § 3582(c)(1)(A) authorizes prisoners to directly petition a district court for a reduction in sentence (also known as compassionate release):

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;
> \*\*\*
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.*

The Sentencing Commission's policy statement referenced in 18 U.S.C. § 3582(c)(1)(A) provides, in pertinent part:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)(A) Extraordinary and compelling reasons warrant the reduction;
> . . .

ORDER - 5

         (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
         (3) The reduction is consistent with this policy statement.

U.S. Sent'g Guidelines Manual ("USSG") § 1B1.13 (U.S. Sent'g Comm'n 2021).

The application notes to this policy statement state, in relevant part:

> Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exists under any of the [following] circumstances:
>
> . . . .
>
> (ii) The defendant is—
>     (I) suffering from a serious physical or medical condition,
>     (II) suffering from a serious functional or cognitive impairment, or
>     (III) experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 app. (1)(A)(ii).

Notably, the Ninth Circuit has held that § 1B1.13 is inapplicable to defendant-initiated motions for compassionate release, joining the many circuits across the country. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) ("We agree with the persuasive decisions of our sister circuits and also hold that the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." (internal citation omitted)); *see also United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1109–10 (6th Cir. 2020). Therefore, USSG § 1B1.13 provides merely helpful guidance to the Court when exercising its discretion.

For at least two reasons, Taylor-Nairn fails to establish extraordinary and compelling reasons warranting release. First, the Court is not persuaded by his arguments

ORDER - 6

1    that the conditions of his confinement establish extraordinary and compelling reasons

2    warranting release. Indeed, "a motion for compassionate release is [generally] not the

3    proper vehicle to challenge [the] conditions of confinement. Rather, such a challenge is

4    properly advanced in a petition for a writ of habeas corpus or through a civil suit

5    challenging those conditions." *United States v. Peterson*, No. 11-cr-5566 BHS, 2013 WL

6    2161692, at *3 (W.D. Wash. Feb. 22, 2023) (citing *United States v. White*, No. 19-CR-

7    00341-GPC, 2021 WL 349220, at *4 (S.D. Cal. Aug. 9, 2021); *United States v. Numann*,

8    No. 3:16-CR-00065-TMB, 2020 WL 1977117, at *4 (D. Alaska Apr. 24, 2020)).

9        Second, the Court agrees with the Government that Taylor-Nairn's obesity no

10    longer establishes an extraordinary and compelling reason warranting his release. *See*

11    Dkt. 1156 at 6–7. In the order denying his first compassionate release motion, the Court

12    found that "Taylor-Nairn's severe obesity increases his risk for a severe or deadly

13    infection of COVID-19 and is recognized by the [Centers for Disease Control and

14    Prevention] as a medical condition that increases such a risk." Dkt. 962 at 7. Given that

15    finding, the Court concluded that "Taylor-Nairn ha[d] established extraordinary and

16    compelling reasons to warrant a reduction of his sentence." *Id.* However, the Court

17    denied that motion because Taylor-Nairn's release would have posed a danger to the

18    community and the § 3553(a) factors weighed against release. *Id.* at 8–10.

19        The Court also denied Taylor-Nairn's second compassionate release motion

20    because the § 3553(a) factors did not favor release. Dkt. 999 at 3–4. In so doing, the

21    Court also acknowledged that Taylor-Nairn's risk of being infected with COVID-19 had

22    substantially decreased because, on March 1, 2021, he received his first vaccination. *Id.*

Since then, Taylor-Nairn received his second vaccination on March 25, 2021, had an asymptomatic case of COVID-19 in March 2022, and refused to receive a booster shot in November 2022. Dkt. 1158 at 49, 60, 70. Considering these new circumstances, the Court concludes that Taylor-Nairn's obesity no longer increases his risk for a severe or deadly infection of COVID-19 such that it amounts to an extraordinary or compelling reason warranting release.

Because Taylor-Nairn has not established extraordinary and compelling reasons warranting compassionate release, the Court need not consider the § 3553(a) factors. Accordingly, his motion for compassionate release is DENIED without prejudice.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Derrick Taylor-Nairn's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and for Appointment of Counsel, Dkt. 1151, is **DENIED without prejudice**. The Government's Motion to Seal, Dkt. 1157, is **GRANTED**.

Dated this 31st day of May, 2023.

BENJAMIN H. SETTLE
United States District Judge