UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>   v.<br><br>DERRICK DONNELL TAYLOR-NAIRN,<br><br>                  Defendant. | CASE NO. CR18-5094 BHS<br><br>ORDER |

This matter is before the Court on pro se Defendant Derrick Taylor-Nairn's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 1185. The Court considered the briefing filed in support of and in opposition to the motion and the remainder of the file and denies the motion for the reasons stated below.

## I. BACKGROUND

The Court reincorporates by reference the relevant factual and procedural background found in the Court's orders denying Taylor-Nairn's first, second, and third compassionate release motions. *See* Dkts. 962, 999, 1181. Taylor-Nairn moves, for the fourth time, for compassionate release. Dkt. 1185. His fourth motion is a form motion

ORDER - 1

that has been filed by approximately eight defendants currently held at Sheridan, including his codefendant, Stahlman. *See United States v. Stahlman*, No. 18-cr-05094-BHS, Dkt. 1184; *United States v. Slaughter*, No. 13-cr-00359-RSL, Dkt. 115; *United States v. Brooks*, No. 19-cr-00093-JLR, Dkt. 112; *United States v. Pigott*, 21-cr-00013-RAJ, Dkt. 35; *United States v. Hernandez-Hernandez*, No. 21-CR-00032-RSM, Dkt. 129; *United States v. Flores-Lopez*, No. 19-cr-00203-RSM, Dkt. 777; *United States v. Fuentes*, 20-cr-00092-JCC, Dkt. 1087.

Taylor-Nairn's present motion consists of two generalized forms. The first observes that courts in other cases, including some involving individuals incarcerated at Sheridan, have found that pandemic-induced conditions of confinement can constitute extraordinary and compelling circumstances that warrant sentence reduction. Dkt. 1185 at 1. It explains what it terms "onerous" conditions during lockdowns, including but not limited to food, staff, and medication shortages. *Id*. It further argues that the conditions of confinement at Sheridan during the pandemic have rendered Taylor-Nairn's sentence more severe than the Court could have contemplated when it originally sentenced him and that a reduction or conversion of his sentence is warranted. *Id*. It so argues without any facts specific to Taylor-Nairn's health or experience at Sheridan. The only lines in the first form unique to Taylor-Nairn are the three where he filled in his name.

The second part of the motion consists of what is titled a "CR supplement." Dkt. 1185 at 3–5. The supplement is unsigned, but the first form asserts that it is written by "a law clerk at FCI Sheridan." Dkt. 1185 at 1. It provides more details about the pandemic conditions at Sheridan and a "general outline of the legal argument for using

3582(c)(1)(A)." Dkt. 1185 at 1. Like the first form, the second highlights other cases where courts have released plaintiffs to home confinement or granted sentence reductions due in part to the conditions of confinement during the pandemic. Its analysis of the Section 3553(a) factors is similarly generalized. It recounts broad changes in criminal law, including that "crimes committed by teenagers were once punished the same as adults" but now courts consider adolescent psychology. *Id*. It does not analyze Taylor-Nairn's underlying conviction apart from noting that his crimes "are surely serious." *Id*. at 4. It similarly does not analyze "the history or personal characteristics" of Taylor-Nairn specifically, but instead observes that he has "spent a significant amount of time in prison" and consequently urges that "the Court should conclude the negative impact of the characteristics of the defendant has either (worst case scenario) stayed the same or moved in favor of release." *Id*. It further argues that because Taylor-Nairn is in compliance with FSA Programming Status and has completed "relatively few programs," incarceration is not the "most effective manner" to rehabilitate him pursuant to 3553(a)(2)(D). *Id*. 4–5. In his handwritten "Inmate request to Staff" addressed to the warden for a sentence reduction under §3582 (c)(1)(A), Taylor-Nairn briefly lists his reasons for seeking compassionate release as COVID, conditions of confinement, "medical/psych," sentencing changes, and family circumstances. Dkt. 1185 at 6.

  The Government opposes Taylor-Nairn's motion. Dkt. 1196. It argues that compassionate release "should be based on extraordinary circumstances particular to the movant, not general, untested claims about and by other inmates." *Id*. at 6. It asserts that the allegations in his motions regarding the conditions of confinement "can and should be

addressed through BOP's administrative remedies program" and potentially a subsequent civil suit. *Id*. at 6–7. It argues that although Taylor-Nairn technically satisfied the exhaustion requirements for 3582(c)(1)(A) through his lapsed request for relief to the warden, "he has not satisfied the exhaustion requirement that applies to a challenge to prison conditions, and this Court should conclude that his general allegations are not extraordinary or compelling." *Id*. at 7. It further argues that the 3553(a) sentencing factors weigh against release, emphasizing that he "continues to pose a significant danger to the community" given his numerous drug and firearm convictions and the fact that he has only served approximately half of his sentence. *Id*. at 9–10.

## II.  DISCUSSION

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). 18 U.S.C. § 3582(c)(1)(A) authorizes prisoners to directly petition a district court for a reduction in sentence (also known as compassionate release):

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

>   (i) extraordinary and compelling reasons warrant such a reduction;
>   \*\*\*
>   and that such a reduction is consistent with applicable policy
>   statements issued by the Sentencing Commission; . . . .

Accordingly, a court may reduce a sentence upon this defendant's motion provided that: (1) he has either exhausted his administrative appeal rights of the BOP's failure to bring such a motion on his behalf or has waited until 30 days after the warden received such a request; (2) he has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *Id*.

The Sentencing Commission's policy statement referenced in 18 U.S.C. § 3582(c)(1)(A) provides, in pertinent part:

>   [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>   (1)(A) Extraordinary and compelling reasons warrant the reduction;
>   . . .
>   (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>   (3) The reduction is consistent with this policy statement.

U.S. Sent'g Guidelines Manual (U.S.S.G.) § 1B1.13 (U.S. Sent'g Comm'n 2021).

The application notes to this policy statement state, in relevant part:

>   Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exists under any of the [following] circumstances:
>   . . . .

ORDER - 5

      (ii) The defendant is—
           (I) suffering from a serious physical or medical condition,
           (II) suffering from a serious functional or cognitive impairment, or
           (III) experiencing deteriorating physical or mental health because of
      the aging process, that substantially diminishes the ability of the defendant
      to provide self-care within the environment of a correctional facility and
      from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 app. (1)(A)(ii).

Notably, the Ninth Circuit held that Section 1B1.13 is inapplicable to defendant-initiated motions for compassionate release, joining the many circuits across the country. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) ("We agree with the persuasive decisions of our sister circuits and also hold that the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." (internal citation omitted)); *see also United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1109–10 (6th Cir. 2020). Therefore, U.S.S.G. § 1B1.13 merely provides guidance to the Court when exercising its discretion.

## A.    Exhaustion Requirement

The Court first considers whether Taylor-Nairn satisfied the exhaustion requirement. That requirement is satisfied here. Taylor-Nairn provided the Court with a copy of the request he submitted to the warden of his facility on July 1, 2023. Dkt. 1185 at 6. The Government concedes the 30-day limit lapsed on that request without the warden taking any action. Dkt. 1196 at 7. The Court is not persuaded by the Government's argument that Taylor-Nairn has not satisfied the exhaustion requirement to challenge prison conditions. He listed "conditions of confinement" on his request for a

sentence reduction to the Warden and BOP made no response. Dkt. 1185 at 6. Although the Government correctly observes that there are other procedural mechanisms available to Taylor-Nairn to litigate his conditions of confinement allegations, the Court agrees with the recent conclusion of a sister court that "there appears to be no barrier preventing the Court from considering his [conditions of confinement] claims under the compassionate release framework." *United States v. Slaughter*, No. CR13-359RSL, at *4 (W.D. Wash. Aug. 30, 2023). The Ninth Circuit has remained silent on this acute procedural point, and its recent opinion in *United States v. Roper* emphasizes the "broad discretion" district courts enjoy in determining "what may constitute extraordinary and compelling reason." 72 F.4th 1097, 1100–01 (9th Cir. 2023).

**B.    "Extraordinary and Compelling" Analysis**

With the exhaustion requirement met, the Court turns to the merits of Taylor-Nairn's compassionate release motion. He fails to establish extraordinary and compelling reasons warranting release. The Court finds persuasive and adopts the rational of Judge Lasnik's order on an identical motion from an individual incarcerated at Sheridan in *United States v. Slaughter*, No. CR13-359RSL, (W.D. Wash. Aug. 30, 2023). The court there denied the identical motion, explaining that it "failed to address" how the situation it alleged "impacted [the defendant] personally and instead describes the conditions of confinement more generally." *Slaughter*, No. 13-cr-00359-RSL, Dkt. 117. Taylor-Nairn's motion suffers the same fatal defect. This Court therefore reaches the same conclusion: the form complaint fails to establish extraordinary and compelling circumstances absent evidence specific to the movant.

This conclusion does not preclude Taylor-Nairn from litigating his conditions of confinement allegations through a different procedural mechanism. Because Taylor-Nairn's generalized motion has not established extraordinary and compelling reasons warranting his release under 18 U.S.C. § 3582(c)(1)(A), the Court need not consider the § 3553(a) factors.

### III.  ORDER

Taylor-Nairn's motion for compassionate release, Dkt. 1185, is **DENIED without prejudice.**

Dated this 22nd day of September, 2023.

BENJAMIN H. SETTLE
United States District Judge